Losing-, J.,
delivered the opinion of the court:
The petitioner claims damages against the United States for breach of contract. The court find the facts to be
1. That, on the 12th January, 1866, Colonel Henry T. Noble, Chief Quartermaster of the Department of Arkansas, advertised for proposals for the transportation of troops and military supplies during the year 1866, on the route from Little Eock to Fort Smith, Arkansas. The petitioner made proposals, which were accepted.
2. On the 13th day of February, 1866, a contract was made, in writing, between Colonel Noble on the part of the United States, of the first part, and the petitioner of the second part, as follows:
“This contract, made and entered into this 13th day of February, A. D. 1866, at the city of Little Eock, in the State of Ar *246 kansas, between Colonel Henry T. Noble, assistant quartermaster United States volunteers, of tbe first parí, and Charles G-. Scott, of tbe city of Little Eock, and State of Arkansas, of tbe second part—
“ Witnesseth, that tbe said party of tbe second part agrees to furnish all transportation tbe United States' may require from Little Eock, Arkansas, to Fort Smith, Arkansas, and to and from all points between Little Eock, Arkansas, and Fort Smith, Arkansas, when tbe same is to be furnished by river; tbe boats used in such transportation must be such as shall be safe and satisfactory to tbe Chief Quartermaster of tbe department of Arkansas; they shall be owned and officered by good loyal citizens ; furnished with proper facilities for cooking rations for troops, and feeding horses and cattle; said boats are to run subject to the risk of the owners.
“ It is agreed that the contracting parties shall give precedence and prompt dispatch to transportation for the United States, and in no case to carry private freight to the exclusion of that belonging to the government.
“In case the said parties of the second part fail to furnish, the' transportation required by government, the quartermaster may furnish the same at the expense of the said parties of the second part, and deduct from any vouchers to be given for services under this contract all amounts paid in excess of rates hereby established.
“For these services Colonel Henry T. Noble, assistant quartermaster, agrees, on behalf of the United States, to pay, or cause to be paid, to the said parties of the second part, compensation at the following rates:
“ From Little Bode to Fort Smith, Arlccmsas, or return.
“For commissioned officers. $12 00 each.
Enlisted men and eiuployés. 7 50 “
Horses. 12 00 “
Mules. 10 00 “
Wagons. 15 00 “
Hay (baled) per hundred pounds. 1 95
All other pound freight, per 100 lbs... 1 47£
Way-freight to be transported at proportionate rates.
“This contract to go into effect on the20th day of February, and to remain in force until the 31st day of December, A. D. *247 1866. Payment to be made, in snob funds as may be furnished for this purpose by the United States, monthly.
“It is made an express condition of this contract that no member of Congress shall be admitted to any share or part herein, or to any benefit to arise herefrom.
“ In witness whereof, said parties have signed this contract in quintuplícate, this 13th day of February, 1866.
“Witnesses:
“ Chas. V. Tenney. “ Henby T. Noble,
“ Colonel ancl AssH Quartermaster TI. S. V.
“ Thomas Habbis. “ Chables G. Soott.”
The petitioner procured and manned and fitted the steamboats necessary for the performance of said contract, and kept them in serviceable condition during the continuance of the contract, and duly performed the transportation required of him by the United States.
In the year 1866, and between the 25th of April and the 31st of October, military supplies and troops were shipped by the United States at St.-Louis, to be transported thence to Fort Smith and Fort Gibson; and on the way to their • destination the vessels having- the supplies and troops on board touched at Little Book, but did not discharge there. ■
• While the vessels were at Little Bock, the petitioner, in written communications to Colonel Noble, claimed the transportation to Fort Smith of the supplies and troops from St. Louis, under his contract, and had vessels ready and fit for their transportation; but they were not delivered to him.
Had the petitioner transported the said supplies under his contract, the freight therefor would have amounted to the sum of $17,605 66.
And on these facts the petitioner alleges that the refusal by the United States to deliver to him the said supplies and troops at Little Bock, to be transported by him to Fort Smith and Fort Gibson under his contract, was a breach thereof, and he claims as damages therefor the said sum of $17,605 66.
We hold, as a conclusion of law, that the transpiorfcation from St. Louis to Fort Gibson and Fort Smith was not within the route for which the claimant contracted.
The transportation of the United States is from depots to military posts, and these make the termini which define and *248 constitute transportation routes, and transportation contracts are for snob routes; so that places not within a specified route are not within a contract for that route.
The supplies and troops in this case were shipped at St. Louis for Fort Gibson and Fort Smith, and thus for a different transportation than that for which the claimant contracted. The United States were not bound to carry the supplies and troops into Little Rock, and if for any other purpose then boats went in there, they were not bound to unload the supplies and troops there, and thus incur delay and expense which the entire contract from St. Louis to Fort Smith would have saved. There maybe many intermediate transportation routes between New Orleans and Fort Smith, together covering the length of the Mississippi and Arkansas rivers. But if supplies and troops are to be sent from New Orleans to Fort Smith, a contract for that entire transportation would not interfere with a contract for each of the intermediate routes contained in that whole distance. It may be that the claimant was entitled to all the transportation the United States had from Little Rock to Fort Smith, but he was not entitled to all the transportation from other places than Little Rock to Fort Smith.
Judgment for defendants.